U.S. DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUN 16  P 2: 07

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**AARON BUTLER**           *

   **Plaintiff**         *

**vs.**                    *

**JAWAN A. WOODWARD**      *

**LIBERTY MUTUAL AND/OR**  *
**THE FIRST LIBERTY INS. CORP.**
                                   *

**AND**                    *

**HARLEYSVILLE MUTUAL INSURANCE CO.**
                                   *

   **Defendants**
        *    *    *    *    *    *    *    *    *

**RWT 11 CV 1666**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Aaron Butler, by James K. MacAlister and Saiontz & Kirk, by way of Complaint for Declaratory Judgment against Defendants Jawan A. Woodward and Liberty Mutual and/or The first Liberty Insurance Corporation, and Harleysville Mutual Insurance Company, and says:

1. This is an action for declaratory judgment for the purpose of determining a question of actionable controversy between the parties, as asserted below.

2. This Court has original jurisdiction pursuant to 28 U.S.C §1332; 28 U.S.C. § 2201.

3. The amount in controversy is in excess of One Hundred Thousand Dollars ($100,000.00).

4. At all relevant times, Liberty Mutual and/or the First Liberty Insurance Corporation are incorporated and or residents of the State of Massachusetts.

5. At all relevant times, Defendant Harleysville Mutual Insurance Company is a corporation and insurance company, with its principal place of business in Pennsylvania.

6. On August 16, 2006, Plaintiff was a passenger in a vehicle owned by Fulcrum International, Inc. and operated by Defendant Woodward, in the scope of his employment as an employee of Fulcrum International, Inc.

7. On August 16, 2006, Plaintiff was employed by Resolve Staffing, Inc.

8. Resolve Staffing, Inc., a temporary staffing company, hired the Plaintiff, and was responsible for paying the Plaintiff.

9. Resolve Staffing, Inc. dispatched the Plaintiff to work for various companies, as a temporary worker.

10. Plaintiff was never employed by Fulcrum International, Inc., since Fulcrum International Inc. did not hire him, did not pay him, and the Plaintiff had no long term relationship with Fulcrum International, Inc.

11. On August 16, 2006, the Plaintiff was directed by Resolve Staffing, Inc. to report to a warehouse owned and operated by Fulcrum International, Inc., so that the Plaintiff would provide labor services there that day.

12. On August 16, 2006, Plaintiff was a passenger in a van operated by Defendant Woodward, and was being driven to a job site by Defendant Woodward.

13. Plaintiff filed a claim under Maryland's Worker's Compensation laws against Resolve Staffing, Inc., his employer, and that claim has been accepted as compensable.

14. Given that the Plaintiff would have been a "casual employee," with regard to the services provided to Fulcrum International, Inc, he would not be deemed a "covered worker" under Maryland Workers' Compensation laws, as regards Fulcrum International.

15. While Plaintiff was an occupant of the van owed by Fulcrum International, Inc, and operated by Defendant Woodward, the operator failed to yield the right of way, causing a collision with another vehicle.

16. As a result of the collision, the Plaintiff sustained serious, permanent injury, and was caused to miss time from work and to incur medical bills.

17. At the time of the loss, Defendant Harleysville issued a Commercial Auto Policy to Fulcrum International, Inc, which insured the Fulcrum International, Inc. vehicle in which Plaintiff was a passenger, thereby rendering the vehicle a "covered auto" under the policy. Section I.  A copy of the policy is attached and its contents incorporated by reference.

18. Under the Harleysville policy, Defendant Woodward is an "insured," since he was using the covered auto "with . . . permission" of the owner.  Section II.A.1.

19. The policy attempts to excluded from liability coverage:

> Fellow Employee
>
> Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or performing duties related to the conduct of [Fulcrum International, Inc.'s] business.
> Section II, B.5.

20. The policy offers the following definitions:

    "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."
    Section V, F.

    "Leased worker" means a person leased to you by a labor leasing firm under and agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."
    Section V, I.

    "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.
    Section V, O.

21. Under a section titled "Maryland Changes," the policy stipulates

    "[T]he Fellow Employee Exclusion" is replaced by the following:

    This insurance does not apply to "bodily injury" to any fellow "employee" of the "insureds" arising out of an in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.
    However, this exclusion does not apply for coverage up to the minimum limit specified by the Maryland Vehicle Law.
    Maryland Changes A.1.

22. At the time of the occurrence, the Plaintiff was a "temporary worker" since he was sent by his employer to Fulcrum International, Inc. to perform a temporary assignment, and it was not intended the Plaintiff take the place of a rank and file employees of Fulcrum, Inc..

23. At the time of the occurrence, the Plaintiff was not injured as result of the performance of any duties connected with the work or business of Fulcrum International, Inc. He was, instead, merely riding in a vehicle which was transporting him to a location where, upon his arrival there, he could begin duties connected with the business of Fulcrum International, Inc.

## COUNT I

### HARLEYSVILLE CANNOT RELY UPON THE CO-EMPLOYEE EXCLUSION, BECAUSE ARRON BUTLER IS NOT A CO-EMPLOYEE

24. Plaintiff herein repeats and re-alleges the allegations contained in paragraphs 1-21.

25. Aaron Butler was not an employee of Fulcrum, Inc.

26. The co-employee exclusion in the Harleysville policy does not apply to the collision caused by Defendant Woodward, because, under the terms of the policy, Plaintiff Butler is not a co-employee.

WHEREFORE, Plaintiff respectfully requests

    A. That this Court adjudicate the rights and liabilities of the parties with respect to the subject policy of insurance.

    B. That this Court find and declare that Plaintiff Aaron Butler is not a co-employee under the policy issued by Harleysville, and that the co-employee exclusion therefore does not apply to the bodily injury claim of Aaron Butler.

    C. That this Court award the Plaintiff the costs of these proceedings.

    D. That this Court award Plaintiff such other and further relief as he may be entitled to receive as a matter of law.

## COUNT II

### The Harleysville Policy Co-Employee Exclusion Only Applies To Co-Employees Who Injured While In The Course Of Their Employment - At The Time Of The Occurrence Aaron Butler Was Commuting To A Job Site, Where He Would Being Working

27. Plaintiff herein repeats and re-alleges the allegations contained in paragraphs 1-24.

28. The Harleysville policy's co-employee exclusion restricts its application to injuries caused by co-employee, while in the course of employment, meaning while actively performing work for Fulcrum, Inc.

29. At the time of the occurrence, Aaron Butler was in a van, commuting to a job site, and was therefore not actively performing work for Fulcrum, Inc.

30. The co-employee exclusion relied upon by Harleysville is inapplicable to the bodily injury claim for Aaron Butler, since Mr. Butler was no actively performing the duties of a Fulcrum, Inc. employee at the time of the occurrence.

WHEREFORE, Plaintiff respectfully requests:

    A. That this Court adjudicate the rights and liabilities of the parties with respect to the subject policy of insurance.

    B. That this Court find and declare that Plaintiff Aaron Butler is not a co-employee under the policy issued by Harleysville, and that the co-employee exclusion therefore does not apply to the bodily injury claim of Aaron Butler.

    C. That this Court award the Plaintiff the costs of these proceedings.

    D. That this Court award Plaintiff such other and further relief as he may be entitled to receive as a matter of law.

_____
James K. MacAlister, Esq.
Saiontz & Kirk, PA
3 S. Frederick Street, Suite 900
Baltimore, Maryland 21202
410-539-6939
Attorneys for Plaintiff